IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOSEPH LARRY HAYNES                                                                               PLAINTIFF

vs.                                           Civil No. 1:09-cv-01023

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Joseph Larry Haynes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for DIB on December 21, 2006. (Tr. 96). Plaintiff alleged he was disabled due to diabetes, kidney disease, and high blood pressure. (Tr. 111). Plaintiff alleged an onset date of July 15, 2006. (Tr. 111). This application was initially denied on March 13, 2007 and was denied again on reconsideration on June 7, 2007. (Tr. 69, 77).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

On June 27, 2007, Plaintiff requested an administrative hearing on his application. (Tr. 79). The hearing was held on April 7, 2008 in El Dorado, Arkansas. (Tr. 32-66). Plaintiff was present and was represented by counsel, Mary Thomason, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dr. Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school diploma. (Tr. 36-37).

On July 24, 2008, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB. (Tr. 9-17). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 15, 2006. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the severe impairments of diabetes mellitus, renal insufficiency, hypertension, and back pain. (Tr. 11, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ also indicated he evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 12-15, Finding 5). The ALJ indicated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 13). The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 12, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC for light work.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 38-47, 63-65). Based upon

this testimony, the ALJ determined Plaintiff's PRW included work as automobile detailer, delivery route truck driver, vending machine attendant, coin machine service repairer, janitor, and logger. (Tr. 15). Considering his RFC, the ALJ determined Plaintiff was unable to perform any of this PRW. (Tr. 15, Finding 5).

The ALJ then evaluated whether, considering his age, education, work experience, and RFC, Plaintiff would to be able to perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 64-66). Specifically, the VE testified that given all these factors, a hypothetical person would be able to perform work as a welcome hostess (1,500 such jobs in Arkansas and 450,000 such jobs in the national economy), and work as a main clerk (1,800 such jobs in Arkansas and 125,000 such jobs in the national economy). (Tr. 64-65). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 15, 2006 through the date of the decision or through July 24, 2008. (Tr. 17, Finding 11).

On August 4, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). *See* 20 C.F.R. § 404.984(b)(2). On March 27, 2009, the Appeals Council declined to review this determination. (Tr. 1-3). On April 24, 2009, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7,8). The parties consented to the jurisdiction of this Court on May 11, 2009. (Doc. No. 4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (B) the ALJ erred in asking an improper hypothetical to the VE; and (C) the ALJ erred in treatment of Plaintiff's treating physician opinions. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ asked a proper hypothetical to the VE; and (C) the ALJ gave proper weight to the opinions of Plaintiff's treating physician**.**

Because the Court finds the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain, only that claim will be addressed in this opinion. Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. The Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision, regarding Plaintiff's subjective complaints in the present action, is not supported by substantial evidence. Specifically, the ALJ failed to analyze and evaluate the Plaintiff's subjective complaints pursuant to *Polaski*. *See Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991). A review of the ALJ's opinion shows that instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. It appears the ALJ discounted Plaintiff's complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322. This is not appropriate under *Polaski*. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis. The ALJ did not consider Plaintiff's daily activities and the fact that those limited daily activities support his claims of disability. The ALJ failed to consider Plaintiff's use of medication and side effects from the use of that medication. The ALJ also failed to consider the factors that aggravate Plaintiff's symptoms.

This lack of analysis is insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

7

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **14th day of May, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE